UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE,<br><br>            Plaintiff,<br><br>   v.<br><br>R. HENDERSON.,<br><br>            Defendant.<br>_____/ | CASE NO. 1:05-CV-710-AWI DLB-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 2, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467

1  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
2  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
3  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
4  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
5  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
6  U.S. 411, 421 (1969).

7  　　　　The events at issue in the instant action allegedly occurred at Lancaster State Prison.  Plaintiff
8  names R.Henderson, Correctional Lieutenant at Lancaster States Prison as the only defendant.
9  Plaintiff alleges that on January 1, 2005, defendant punished him for a rules violation that he did not
10 commit.  He also states that he was punished twice for this offense.  He states that on December 14,
11 2004, someone threw an object at him and he reacted.  Nevertheless, plaintiff was punished for the
12 offense.  Plaintiff seeks money damages.

13 　　　　Plaintiff's complaint does not provide enough information to enable the court to determine
14 whether he state a cognizable claim for relief.  He fails to indicate what his punishment was for the
15 alleged offense and whether the disciplinary violation has been invalidated.  Plaintiff must
16 demonstrate the existence of a liberty interest entitling him to procedural due process protections,
17 in order to state a cognizable claim for relief for violation of the Due Process Clause.  The law has
18 not recognized that inmates necessarily have a liberty interest in remaining free from segregation or
19 solitary confinement.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's
20 due process claim fails because he has no liberty interest in freedom from state action taken within
21 sentence imposed and administrative segregation falls within the terms of confinement ordinarily
22 contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.
23 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally
24 expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no
25 protected liberty interest in being free from confinement in the SHU) (quotations omitted).

26 　　　　Further, if "success in a . . . [section] 1983 damages action would implicitly question the
27 validity of conviction or duration of sentence, the litigant must first achieve favorable termination
28 of his available state, or federal habeas, opportunities to challenge the underlying conviction or

sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). If the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

Thus, as submitted, plaintiff's complaint fails to state a claim upon which relief can be granted. The court will provide plaintiff the opportunity to cure the deficiencies identified in this order. In order to pursue the claims plaintiff appears to be making, he must provide more information about the punishment imposed.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 6, 2006**          **/s/ Dennis L. Beck**
3b142a                                      UNITED STATES MAGISTRATE JUDGE