# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE, | CASE NO. 1:05-CV-710-AWI DLB-P |
|     Plaintiff, | FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION |
|     v. | **OBJECTIONS DUE MARCH 15, 2007** |
| R. HENDERSON., | |
|     Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 2, 2005 and an amended complaint on March 27, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The events at issue in the instant action allegedly occurred at Lancaster State Prison. Plaintiff names R.Henderson, Correctional Lieutenant at Lancaster States Prison as the only defendant. Plaintiff alleges that on January 1, 2005, defendant punished him for a rules violation that he did not commit. He also states that he was punished twice for this offense. He states that another inmate threw an object at him and he reacted. Nevertheless, plaintiff was punished for the offense and lost time credits. Plaintiff seeks money damages.

As plaintiff was previously advised, if "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). If the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

Thus, plaintiff's complaint fails to state a claim upon which relief can be granted. The court therefore recommends dismissal of this action without leave to amend. The court does not recommend that plaintiff be granted the opportunity to amend the complaint, as plaintiff was advised of the applicable legal standards and granted leave to amend. Plaintiff was unable to cure the deficiencies of the original complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before March

1 | 15, 2007, plaintiff may file written objections with the court.  The document should be captioned
2 | "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure
3 | to file objections within the specified time may waive the right to appeal the District Court's order.
4 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **February 27, 2007**             **/s/ Dennis L. Beck**
3c0hj8                                        UNITED STATES MAGISTRATE JUDGE